Mr. Capp Shanks Division of Local Government 1313 Sherman Street Denver, Colorado
Dear Mr. Shank:
QUESTION PRESENTED AND CONCLUSION
This opinion is written in response to your request for an opinion on the following question: Whether a member of the governing board of a water and sanitation district may contract with the district to do engineering work and management services for the district, when such work and services would be provided for no monetary compensation?
 It is my opinion that the relationship established by the contract to perform engineering services for the district by a director of the district creates a prohibited interest under the provisions of C.R.S. 1973, 32-4-110(3).
ANALYSIS
C.R.S. 1973, 32-4-110(3) provides, in pertinent part as follows:
 (n)o member of the board shall receive any compensation as an employee of the district or otherwise, other than that provided in this section, and no member of the board shall be interested in any contract or transaction with the district except in his official representative capacity.
My analysis of the statutory language cited above indicates that two specific and distinct prohibitions are set forth: first, that no director shall receive compensation from the district; and second, that no board member shall be interested in a contract or transaction with the district.
In contrast to the Colorado criminal conflict of interest statute, C.R.S. 1973, 18-8-308, the statute pertinent to your question does not limit "interest" to a financial or remunerative benefit.
While I do not find any Colorado cases interpreting "interest" under C.R.S. 1973, 32-4-110(3), other jurisdictions have held that a contract entered into by a public officer in his individual capacity, the effect of which is to create a personal interest which may conflict with the officer's public duty, is contrary to public policy, and is at least voidable, even in the absence of a statutory prohibition. See Warren v. Reed,231 Ark. 714, 331 S.W.2d 847, (1960).
The California Court of Appeals has defined "personal interest" as any interest which may interfere with the unbiased discharge of public duty. People v. Elliot, 115 Cal.App.2d 410,252 P.2d 661 (1953). Further, that court held in StocktonPlumbing and Supply Co. v. Wheeler, 68 Cal.App. 592,229 P. 1020 (1924) that it was not necessary that the interest be a financial interest or that actual fraud, dishonesty or loss be shown to be within the statutory prohibition, if the direct or indirect interest could affect the public officer's judgment and conduct.
SUMMARY
It is my opinion that the prohibition contained in C.R.S. 1973, 32-4-110(3) against being "interested in a contract or transaction with the district" is applicable to the situation posed by your inquiry. It is my opinion that a director of a water and sanitation district establishes an interest in a contract or transaction of the district when he contracts to perform consultant services for the district, regardless of whether compensation is received for such services. This opinion is based upon my conclusion that in any contractual relationship between the parties, both the district and the board member would have an interest in the performance of the contract.
I would conclude that the relationship established by the contract to perform engineering services for the district by a director of the district creates a prohibited interest under C.R.S. 32-4-110(3). In the situation posed herein, the director/consultant's interest is a professional interest in his engineering judgment and recommendations, an interest which is then subject to approval and acceptance by the body in which he serves in an official representative capacity. The conflict which may arise when a board member's official public duty requires him to exercise judgment on his work in a private capacity would appear to be the kind of conflict of interest which may affect that public judgment, and therefore is an interest prohibited by law.
I hope that this opinion sufficiently addresses your inquiry.
Very truly yours,
 J.D. MacFARLANE Attorney General
CONFLICT OF INTEREST SPECIAL DISTRICTS
C.R.S. 1973, 32-4-110(3)
LOCAL AFFAIRS, DEPT. OF Local Government, Div. of
A member of the governing board of a water and sanitation district wanting to contract with the district to do engineering work and services free, for no compensation, would violate the conflict of interest prohibition in C.R.S. 1973, 32-4-110(3).